UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:16-cv-06245-SVW-FFM | Date | September 19, 2016 |
|---|---|---|---|
| Title | Blake Lynch v. CNO Financial Group, Inc.; Bankers Life and Casualty Company | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| N/A | | N/A |

**Proceedings:** IN CHAMBERS ORDER DENYING PLAINTIFF'S MOTION TO REMAND [10]

## I. Background

On March 1, 2016, plaintiff Blake Lynch ("Plaintiff" or "Lynch") filed a state-court complaint in the Small Claims Docket of the Los Angeles Superior Court ("State Court" against Defendants CNO Financial Group, Inc. and Bankers Life and Casualty Company ("Defendants"). Dkt. 1. In the declaration attached to the complaint, the Plaintiff alleged that the Defendants violated the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. ("FCRA"). The Defendants were served on July 28, 2016. The Defendants then removed the action to federal court on the basis of federal question jurisdiction. The Defendants filed their Notice of Removal in this Court on August 19, 2016, *id*., and served the Plaintiff at the same time. *Id*. at 15. The Defendant then filed a Notice of Removal in the State Court on August 30, 2016.[1]

Presently before the Court is the Plaintiff's Motion to Remand the case back to state court. The Plaintiff argues that the case was improperly removed due to a lack of diversity, and the Notice of Removal was not filed in a timely manner in state court. For the reasons stated below, the Court DENIES the Motion to Remand.

.

---

[1] The state Notice of Removal was not attached to the Defendant's Opposition brief. The Court recognized the State Notice as filed at the oral hearing held before the Court on September 19, 2016.

| | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-06245-SVW-FFM | Date | September 19, 2016 |
|---|---|---|---|
| Title | *Blake Lynch v. CNO Financial Group, Inc.; Bankers Life and Casualty Company* | | |

### II. Legal Standard

Removal jurisdiction is disfavored. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). However, it is proper if the case could have been filed in federal court originally. 28 U.S.C. § 1441(a). One basis for subject matter jurisdiction is that the claim arises under the laws of the United States. 28 U.S.C. § 1331. The other basis for subject matter jurisdiction is the parties' diversity of citizenship. 28 U.S.C. § 1332. If removed on diversity grounds, the parties must be completely diverse, and the amount in controversy must exceed $75,000. *Id.* The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant." 28 U.S.C. § 1446(b).

### III. Discussion

The Court finds that the case was properly removed, as this Court has subject matter jurisdiction under federal question jurisdiction. The Declaration attached to the Small Claims Complaint states that the Plaintiff brings his action under the FCRA. The FCRA is a federal statute, and thus a law of the United States for the purposes of 28 U.S.C. § 1331. Thus, this Court has jurisdiction under 28 U.S.C. § 1331(a), and the case is removable under § 1441.

The Plaintiff mistakenly argues that federal question jurisdiction alone does not give rise to removal. However, it is clear that under 28 U.S.C. § 1441(a), a case is removable if the Court has *either* federal question jurisdiction *or* diversity jurisdiction. The amount in controversy is only relevant when establishing diversity jurisdiction. 28 U.S.C. § 1332. As the Court has federal question jurisdiction, the amount in controversy is irrelevant.

The Plaintiff further argues that the case was improperly removed because the Defendants did not file their notice of removal in state court within 30 days. See Dkt. 12, 1 (showing the Defendants' admission that they were served with the Complaint on July 28, 2016, and filed a Notice of Removal in the State Court on August 30, 2016). However, the 30-day requirement in 28 U.S.C. § 1446(b) refers to the filing of notice in federal court, not state court. 28 U.S.C. 1446(a) ("A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal"). As the Defendants filed a Notice of Removal in federal court on August 19, 2016, within 30 days of the time they were served, they have complied with the requirements of 28 U.S.C. § 1446(b).

_____   :   _____
Initials of Preparer
PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-06245-SVW-FFM | Date | September 19, 2016 |
|---|---|---|---|
| Title | *Blake Lynch v. CNO Financial Group, Inc.; Bankers Life and Casualty Company* | | |

Notice to state court is also required per 28 U.S.C. § 1446(d) ("Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect removal and the State court shall proceed no further unless and until the case is remanded."). However, this section does not give a time requirement for such filing with the state court; it merely requires that the filing be "prompt." The Court finds that the Defendants' filing of the Notice of Removal in the state court on August 30, 2016, after having been served with the complaint on July 28, 2016, satisfies the requirements of § 1446(d).

As the Defendants have satisfied the requirements of 28 U.S.C. §§ 1441(a), 1446(b), and 1446(d), the Court finds that this case has been properly removed.

IV.   Order

For the reasons stated above, the Court DENIES the Defendant's Motion to Remand.

IT IS SO ORDERED.

|  | : |
|---|---|
| Initials of Preparer | PMC |